**Nguyen DUC VU, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–87–027–CR.**

Court of Appeals of Texas,
Texarkana.

March 22, 1988.
Discretionary Review Refused
June 29, 1988.

James E. Davis, Texarkana, for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

GRANT, Justice.

Nguyen Duc Vu was tried by a jury on two charges of murder. He was found guilty of the lesser included offenses of voluntary manslaughter for the shooting death of his father and stepmother. He admitted the shootings, but contended that he shot them in self-defense after being beaten. The jury set punishment at twenty

years in the Texas Department of Corrections for each offense and a fine of $10,000.

Duc Vu contends that the court committed reversible error in refusing to instruct the jury about the law of parole and good time as required by Tex.Code Crim.Proc. Ann. art. 37.07, § 4(a) (Vernon Supp.1988). He also argues that the court erred by giving an oral *Allen* charge to the jury during its deliberations.

■ Duc Vu argues that the failure of the court to give the parole instruction as he requested allowed the jury to incorrectly believe that he could receive good time that would be considered in granting parole. The court did not give any instruction to the jury on parole. Duc Vu contends that harm is apparent because the jury sentenced him to twenty years confinement on each charge instead of the ten years confinement recommended by the district attorney's office.

Article 37.07, § 4(a) provides instructions on parole and good time to be given a jury. This statute was held to be unconstitutional by a divided Court of Criminal Appeals in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App.1987), on the basis that it was prejudicial to the defendant.[1] The *Rose* decision cites earlier cases for the proposition that "discussion of the parole law, although common knowledge, would in every case constitute jury misconduct since the parole law is not for the jury's consideration." *Sanders v. State,* 580 S.W.2d 349 (Tex.Crim.App.1978); *Heredia v. State,* 528 S.W.2d 847 (Tex.Crim. App.1975). Duc Vu offers no authority in support of his contention that such an instruction is proper, and we are aware of none. Accordingly, we hold that a defendant has no right to an instruction that has been determined to be prejudicial to defendants.

■ Duc Vu next contends that an oral *Allen* or "dynamite" instruction by the judge requiring further deliberation by the jury is harmful error. An *Allen* charge is a supplemental instruction to a deadlocked jury essentially stating that the jurors should examine the submitted questions with candor and a proper regard and deference for the opinions of each other and decide the case if they can conscientiously do so. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); 23 Tex.Jur.3d *Criminal Law* § 2897 (1982).

In reviewing such a charge, we must evaluate its potential for harmful coercion of jurors, followed by an evaluation of any harm caused by the error. In *Griffith v. State,* 686 S.W.2d 331 (Tex.App.—Houston [1st Dist.] 1985, no pet.), the appellate court found error in such a charge because it created a risk that the jurors would consider it to be a criticism of the minority of jurors. The opinion specifically points out cautionary language used by the Supreme Court in *Allen* and by the appellate court in *Love v. State,* 627 S.W.2d 457 (Tex.App. —Houston [1st Dist.] 1981, no pet.), as examples of how to avoid such potential coercion. These examples clearly state that jurors should individually decide on the basis of the evidence and not surrender an honest conviction unless convinced by fellow jurors of error.

In the present case, the trial court phrased the *Allen* charge in a manner that would not coerce the jurors into reaching a verdict just for the sake of reaching a verdict. The instruction falls within the parameters of *Allen.* Accordingly, we find no error in the submission as tendered.[2]

Duc Vu also contends that submission of the *Allen* instruction was error because it

---

1. The majority opinion in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987), held that the statute and the instruction it mandated are unconstitutional based upon the separation of powers doctrine, and also violate a defendant's right to due course of law as guaranteed by Tex. Const. art. I, §§ 13 and 19 as being "calculated to deny [the] right of an accused to a fair and impartial trial on the issue of punishment."

2. The trial judge gave the instruction in this fashion:

This Court honestly tells all of you that no juror in any case, no matter what kind of case, should surrender his honest convictions solely and simply for the purpose of returning a verdict. I understand that, and that's the way it should be, but this case is going to have to be decided by some twelve jurors in this county.

....

Every one of you must decide this case for himself, but this is to be done only after impartial consideration by all of you of the

should have been tendered to him for his examination in writing prior to being read to the jury. His argument is based upon Tex.Code Crim.Proc.Ann. art. 36.27 (Vernon 1981), which mandates an opportunity for a defendant to object or except to the court's reply to any communication relative to the cause.

The procedure used by the trial court was not in compliance with the requirements of Article 36.27, as it was not submitted to the accused or his counsel for examination and objection before being communicated to the jury. In the present case, the defense counsel did not object upon this ground, but only that the instruction was not in writing.[3] An objection to a failure to follow statutory procedures is necessary to preserve a claimed error when the court gives an *Allen* charge to a deadlocked jury. *Calicult v. State*, 503 S.W.2d 574 (Tex.Crim.App.1974); *Verret v. State*, 470 S.W.2d 883 (Tex.Crim.App.1971). Accordingly, we hold that this contention has not been properly preserved for our review.

We affirm the judgment of the trial court.

entire evidence with your fellow jurors. Any juror, any one of you, shouldn't hesitate to re-examine your own views and change an opinion if after the discussion with your fellow jurors you feel that your opinion could indeed be erroneous.

This case should be settled. This Court wants it settled, and I'm now going with that admonition and that understanding of your duty as citizens, I'm going to return you to the jury room for further deliberation and I sincerely hope that each one of you will be fair and reasonable with your fellow jurors and return a verdict in this case if it is at all possible.

3. The charge was in writing and appears in the record.