PD-0039&0040&0041-15

PDR No. _____

_____

## In The Court of Criminal Appeals of Texas

_____

**LARRLYON DESHUN WILLIAMS, Appellant**

v.

**THE STATE OF TEXAS, Appellee.**

_____

**On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal Nos. 14-13-00149-CR, 14-13-00150-CR & 14-13-00156-CR
On Appeal from the 240th District Court
of Fort Bend County Texas,
Cause No. 10-DCR-054995A, 11-DCR-056930A & 10-DCR-054992A.**

_____

**PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, LARRLYON DESHUN WILLIAMS**

_____

Oral Argument Requested

**Cary M. Faden**
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Texas Bar No. 06768725
**E-MAIL: caryfaden@aol.com**

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

January 22, 2015

ABEL ACOSTA, CLERK

COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/16/2015 4:00:57 PM
Accepted 1/22/2015 12:48:23 PM
ABEL ACOSTA
CLERK

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P., Rule 38.1(a) and Rule 68.4(a), appellant certifies that the following is a complete list of the parties to the final judgment and the names and addresses of counsel in the trial and on appeal:

Appellant:

Larrlyon Deshun Williams

Counsel for Appellant:

**Brian M. Middleton** (at trial)
**Michael Diaz**
7322 Southwest Fwy Ste 1980
Houston, TX 77074-2029

**Cary M. Faden** (on appeal)
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478

Counsel for the State of Texas:

John F. Healey, Jr.
Amanda Bolin
Fort Bend County, Texas
District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469

Trial Judge:

The Honorable Thomas R. Culver, III

## Table of Contents

Index of Authorities...................................................................................................v

Statement Regarding Oral Argument.........................................................................vi

Statement of the Case...............................................................................................vii

Procedural History of the Case...............................................................................viii

Ground for Discretionary Review..............................................................................2

## GROUND ONE

**THE FOURTEENTH COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN AFFIRMING APPELLANT'S CONVICTION IN FINDING THE TRIAL COURT DID NOT COMMIT ERROR IN PROVIDING A CORRECTED CHARGE TO THE JURY AFTER DELIBERATIONS HAD BEGUN, THE PREREQUISITES OF ARTICLE 36.16 OF THE TEXAS CODE OF CRIMINAL PROCEDURE HAVING NOT BEEN MET.**

Reasons to Grant Review in Support of Ground for Review.........................................2

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. .1985) (op. on reh'g)); *Bustillos v. State*, 464 S.W.2d 118, 125 (Tex. Crim. App. 1971); *Daniefi v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993); *Duc Vu v. State*, 750 S.W.2d 8, 9 (Tex. App. - Texarkana 1988, pet. ref'd); *Garza v. State*, 55 S.W.3d 74, 77 (Tex. App. - Corpus Christi 2001, pet. ref'd); *Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000); *Loving v. State*, 947 S.W.2d 615, 619 (Tex. App. - Austin 1997,

no pet.); *Moore v. State,* 848 S.W.2d 920, 923 (Tex. App. - Houston [1st Dist.] 1993, pet. ref'd); *Murray v. State,* 857 S.W.2d 806, 811 (Tex. App. - Fort Worth 1993, pet. ref'd); *Pennington v. State,* 697 S.W.2d 387, 390 (Tex. Crim. App.1985); *Posey v. State,* 966 S.W.2d 57, 60 (Tex. Crim. App. 1998); *Roise v. State,* 7 S.W.3d 225, 242 (Tex. App.--Austin 1999, pet. ref'd); *Smith v. State,* 898 S.W.2d 838, 854-55 (Tex. Crim. App. 1995); *Taylor v. State,* 332 S.W.3d 483, 489 (Tex. Crim. App. 2011); *Teamer v. State,* 429 S.W.3d 164, 172 (Tex. App. - Houston [14th Dist.] 2014, no pet.); *Williams v. State,* 930 S.W.2d 898, 902 (Tex. App. - Houston [1st Dist.] 1996, pet. ref'd); *Vega v. State,* 394 S.W.3d 514, 518 (Tex. Crim. App. 2013).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

Argument And Authorities In Support Of Ground For Review One.............................................................................................................3

Prayer for Relief............................................................................................13

Certificate of Service.....................................................................................14

Appendix-Fourteenth Court Of Appeals Judgments & Opinion

# INDEX OF AUTHORITIES

## CASES:

*Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008)................................iii,2,4

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. .1985) (op. on reh'g))..................................................................................................iii,2,4,10

*Bustillos v. State*, 464 S.W.2d 118, 125 (Tex. Crim. App. 1971)............................iii,2,5

*Daniefi v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993)..........................iii,2,12

*Duc Vu v. State*, 750 S.W.2d 8, 9 (Tex. App. - Texarkana 1988, pet. ref'd)...........iii,2,9

*Garza v. State*, 55 S.W.3d 74, 77 (Tex. App. - Corpus Christi 2001, pet. ref'd)..iii,2,12

*Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000)........................iii,2,4,10

*Loving v. State*, 947 S.W.2d 615, 619 (Tex. App. - Austin 1997, no pet.).............iii,2,9

*Moore v. State*, 848 S.W.2d 920, 923 (Tex. App. - Houston [1st Dist.] 1993, pet. ref'd)..............................................................................................................iv,2,11

*Murray v. State*, 857 S.W.2d 806, 811 (Tex. App. - Fort Worth 1993, pet. ref'd)..............................................................................................................iv,2,11

*Pennington v. State*, 697 S.W.2d 387, 390 (Tex. Crim. App.1985)........................iv,2,9

*Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998)................................iv,2,4,6

*Roise v. State*, 7 S.W.3d 225,242 (Tex. App.--Austin 1999, pet. ref'd)................iv,2,12

*Smith v. State*, 898 S.W.2d 838, 854-55 (Tex. Crim. App. 1995)......................iv,3,5,6

*Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011)..............................iv,2,4

*Teamer v. State,* 429 S.W.3d 164, 172 (Tex. App.—Houston [14th Dist.] 2014, no pet.).................................................................................................iv,3,5,6,7

*Williams v. State,* 930 S.W.2d 898, 902 (Tex. App. - Houston [1st Dist.] 1996, pet. ref'd)....................................................................................................iv,3,9

*Vega v. State,* 394 S.W.3d 514, 518 (Tex. Crim. App. 2013).................................iv,3,5

## STATUES, CODES, AND RULES:

Tex. Code Crim. Proc. Ann. art. 36.14........................................................................9

Tex. Code Crim. Proc. Ann. art. 36.15........................................................................9

Tex. Code Crim. Proc. Ann. art. 36.16..........................................................4,5,7,9,12

Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006)......................................................5

Tex. Gov't Code Ann. § 508.145(d)(1) (West 2012)......................................................6

Tex. R. App. P. 66.3(a)...........................................................................................iii,2,3

Tex. R. App. P. 66.3(b)...........................................................................................iv,2,3

Tex. R. App. P. 66.3(f).........................................................................................iv,2,3,4

Tex. R. App. P. 68.2.................................................................................................viii

Tex. R. App. P. 68.4(c).................................................................................................vi

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 68.4(c), counsel respectfully requests oral argument. Oral argument would be helpful in the event this petition for discretionary review is granted. This appeal involves questions of law, questions of fact, public

policy and procedure which cannot be adequately addressed, analyzed and evaluated through written communication alone. Oral argument is essential to emphasize the unique characteristics of these questions and to address the unforeseeable exigencies arising during the Court's consideration of this appeal.

## STATEMENT OF THE CASE

Appellant, was indicted for the first degree felony offense of aggravated assault with a deadly weapon. (1 CR at 6). On January 16, 2013, Appellant pleaded not guilty to the indictment. (4 RR at 9-12). After a jury trial, the jury assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of forty-five (45) years, with a $10,000.00 fine. (1 CR at 56). On February 6, 2013, Appellant timely filed his notice of appeal. (1 CR at 64). Appellant, was also indicted for the first degree felony offense of aggravated robbery. (1 CR at 6). On January 16, 2013, Appellant pleaded not guilty to the indictment. (4 RR at 9-12). After a jury trial, the jury assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of thirty (30) years, with no fine. (2 CR at 551). On February 6, 2013, Appellant timely filed his notice of appeal. (2 CR at 558). On November 26, 2012, Appellant, was also indicted for the first degree felony offense of aggravated assault. (1 CR at 9). On January 16, 2013, Appellant pleaded not guilty to the indictment. (4

RR at 9-12). After a jury trial, the jury assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of forty-five (45) years, with a $10,000.00 fine. (1 CR at 65). On February 6, 2013, Appellant timely filed his notice of appeal. (1 CR at 76).

## PROCEDURAL HISTORY OF THE CASE

On November 25, 2014, the Fourteenth Court of Appeals affirmed Appellant's conviction. *Williams v. State*, Nos. 14-13-00149-CR, 14-13-00150-CR and 14-13-00156-CR, slip op. at 1-16 (Tex. App.– Houston [14th Dist.], November 25, 2014, pet. pending). On December 4, 2014, Appellant timely filed his motion for rehearing. The Fourteenth Court Of Appeals overruled and denied Appellant's Motion For Rehearing on December 16, 2014. On January 6, 2015, Appellant timely filed this Petition For Discretionary Review with the Clerk of the Court Of Criminal Appeals. TEX. R. APP. P. 4.1 and 68.2.

PDR No. _____

In The Court of Criminal Appeals of Texas

LARRLYON DESHUN WILLIAMS, Appellant

v.

THE STATE OF TEXAS, Appellee.

On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 14-13-00149-CR,
On Appeal from the 240th District Court
of Fort Bend County Texas,
Cause No. 10-DCR-054995A.

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, LARRLYON DESHUN WILLIAMS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Appellant, Larrlyon Deshun Williams, by and through his

attorney of record, Cary M. Faden, and files this petition for discretionary review of

the November 25, 2014, decision of the Fourteenth Court of Appeals of Texas in

1

*Williams v. State*, No. 14-13-00149-CR, 14-13-00150-CR and 14-13-00156-CR, slip

op. at 1-16 (Tex. App. – Houston [14th Dist.], November 25, 2014, pet. pending); and

would respectfully show the Court following:

## GROUNDS FOR REVIEW

### GROUND ONE

**THE FOURTEENTH COURT OF APPEALS ERRED IN REFUSING TO CONDUCT A HARM ANALYSIS AND TO APPLY THE LAW IN AFFIRMING APPELLANT'S CONVICTION IN FINDING THE TRIAL COURT DID NOT COMMIT ERROR IN PROVIDING A CORRECTED CHARGE TO THE JURY AFTER DELIBERATIONS HAD BEGUN, THE PREREQUISITES OF ARTICLE 36.16 OF THE TEXAS CODE OF CRIMINAL PROCEDURE HAVING NOT BEEN MET.**

REASONS TO GRANT REVIEW IN SUPPORT OF GROUNDS FOR REVIEW

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One: *Allen v. State,* 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. .1985) (op. on reh'g)); *Bustillos v. State,* 464 S.W.2d 118, 125 (Tex. Crim. App. 1971); *Daniefi v. State,* 848 S.W.2d 145, 147 (Tex. Crim. App. 1993); *Duc Vu v. State,* 750 S.W.2d 8, 9 (Tex. App. - Texarkana 1988, pet. ref'd); *Garza v. State,* 55 S.W.3d 74, 77 (Tex. App. - Corpus Christi 2001, pet. ref'd); *Jimenez v. State,* 32 S.W.3d 233, 237 (Tex. Crim. App. 2000); *Loving v. State,* 947 S.W.2d 615, 619 (Tex. App. - Austin 1997, no pet.); *Moore v. State,* 848 S.W.2d 920, 923 (Tex. App. - Houston [1st Dist.] 1993, pet. ref'd); *Murray v. State,* 857 S.W.2d 806, 811 (Tex. App. - Fort Worth 1993, pet. ref'd); *Pennington v. State,* 697 S.W.2d 387, 390 (Tex. Crim. App.1985); *Posey v. State,* 966 S.W.2d 57, 60 (Tex. Crim. App. 1998); *Roise v. State,* 7 S.W.3d 225,242 (Tex. App.--Austin 1999,

pet. ref'd); *Smith v. State,* 898 S.W.2d 838, 854-55 (Tex. Crim. App. 1995); *Taylor v. State,* 332 S.W.3d 483, 489 (Tex. Crim. App. 2011); *Teamer v. State,* 429 S.W.3d 164, 172 (Tex. App. - Houston [14th Dist.] 2014, no pet.); *Williams v. State,* 930 S.W.2d 898, 902 (Tex. App. - Houston [1st Dist.] 1996, pet. ref'd); *Vega v. State,* 394 S.W.3d 514, 518 (Tex. Crim. App. 2013).

Review is proper, under Tex. R. App. P. 66.3 (b), because the Court Of Appeals has rendered a decision, which encompasses an important question of state law, which has not been, but should be, settled by this Court.

Review is important, under TEX. R. APP. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF GROUND FOR REVIEW ONE

In its November 25, 2014, opinion, the Fourteenth Court Of Appeals affirmed Appellant's convictions in finding the trial court did not commit error by providing a corrected jury charge to the jury after deliberations had begun because the prerequisites of Article 36.16 of the Texas Code of Criminal Procedure had not been met and refused to conduct a harm analysis.

This Court should review this issue, and review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter; and review is appropriate, under Tex. R. App. P. 66.3 (d), because the Court Of Appeals appears

3

to have misconstrued a statute, rule, regulation, or ordinance; and review is important, under Tex. R. App. P. 66.3(f), because the Court Of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this Court's power of supervision.

The Fourteenth Court Of Appeals stated in its opinion: Article 36.19 of the Code of Criminal Procedure provides separate standards of review for preserved and unpreserved errors relating to the jury charge. *Jimenez v. State,* 32 S.W.3d 233, 237 (Tex. Crim. App. 2000). If an error was the subject of a timely objection in the trial court, reversal is required if the error "was calculated to injure the rights of the defendant"—that is, the defendant suffered "some harm." *Id.* If there was no objection, we will reverse only if it appears from the record that appellant was denied a "fair and impartial trial," and therefore suffered "egregious harm." *Taylor v. State,* 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. .1985) (op. on reh'g)). Egregious harm occurs when the error "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State,* 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

Neither standard of harm applies, however, unless there is error in the jury charge. *Posey v. State,* 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). Disregarding a

4

requirement of Article 36.16 is an error to which these standards apply. *Id.; see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Teamer v. State,* 429 S.W.3d 164, 172 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Accordingly, we begin by considering whether the trial court complied with Article 36.16.

Appellant asserts that providing a corrected jury charge was erroneous because Article 36.16, with certain express exceptions not applicable here, precludes the trial court from amending the charge after closing arguments have ended. *See* Tex. Code Crim. Proc. Ann. art. 36.16 (West 2006) (providing that after jury arguments begin, no further charge shall be given to the jury "unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony"). The Court of Criminal Appeals has construed Article 36.16 to accommodate the trial court's post-argument correction of an erroneous charge, however. *See Smith v. State,* 898 S.W.2d 838, 854-55 (Tex. Crim. App. 1995); *Bustillos v. State,* 464 S.W.2d 118, 125 (Tex. Crim. App. 1971) ("[T]he court may before verdict withdraw and correct its charge if convinced an erroneous charge has been given."); *Teamer,* 429 S.W.3d at 172-73; *see also Vega v. State,* 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) ("The trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions.") (internal quotation marks omitted).

5

In this case, the trial court mistakenly omitted some language in its jury charge during the punishment phase. The charge informed the jurors that if they sentenced appellant to a term of imprisonment, he would not be eligible for parole until he served one-half of the imposed prison sentence. The instruction was incomplete. Section 508.145 of the Texas Government Code provides that an individual is not eligible for parole until the time served equals one-half of the sentence imposed *or 30 years, whichever is less.* Tex. Gov't Code Ann. § 508.145(d)(1) (West 2012) (emphasis added). Because, as appellant's trial counsel conceded, the court corrected an erroneous charge, the court did not err by providing the corrected instruction after deliberations had begun. *See Smith,* 898 S.W.2d at 854-55; *Teamer,* 429 S.W.3d at 172-73. Given the lack of an error, we need not examine whether appellant suffered any harm as a result of the trial court's correction. *Posey,* 966 S.W.2d at 60. The Fourteenth Court overruled appellant's second issue.

Appellant contended the trial court prepared a punishment charge that neither the State nor appellant objected to the charge. (15 RR at 4-5). After deliberating for a hours, the jury sending out no notes, the Court proposed a supplemental charge that included a charge on the issue relating to the number of years to be served regarding parole law. The State had no objection, but appellant did. Appellant's Counsel: "After hours of deliberations the Court, *THE COURT:* We are here now outside the

6

presence of the jury. The jury has been deliberating for some time. However, the Court has found that there was an omission in some boilerplate language for the charge as it was originally given to the jury; specifically, the words "for 30 years, whichever is less" was omitted in subparagraph 3 of paragraph iii in the previous charge. I propose to bring the jury back into the jury room, tell them to disregard subparagraph 3 in paragraph iii of the previous charge and to follow the instructions contained below as the new subparagraph 3 in paragraph iii of the charge: "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility of parole does not guarantee that parole will be granted. It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he's sentenced to a term of prisonment, because application of these laws will depend upon decisions made by prison and parole authorities." That is the proposed correction that I intend to make on the charge and submit it to the jury. Is there any objection by the State. *MS. VINSON:* None from the State, Your Honor. *THE COURT:* Mr. Diaz? *MR. DIAZ:* Yes. I think I -- for purposes of the record, I do have to make an objection under Article 36.16 of the Code of Criminal Procedure and on three down after the

7

argument. It begins: "No further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jurors or unless the judge shall in his discretion permit the introduction of other testimony. And in the event of such further charge, the defendant or his counsel shall have the right to present objection in the same manner as described in Article 36.15," which refers to the requested special charges. *THE COURT:* Do you agree that the phrase "or 30 years, whichever is less" is improperly omitted from the current charge? *MR. DIAZ:* I do, Judge. But I don't know if that's what they're hung up on right now. *THE COURT:* I'm not addressing what they're hung up on. They have been out several hours deliberating. But my question is, simply, Do you -- do you agree that the language "for 30 years, whichever is less" should have been included in the charge as originally read to the jury. *MR. DIAZ:* I think that's correct, Judge. *THE COURT:* All right. And as I'm reading it now, those -- although I'm replacing the whole paragraph so that it's in context, those are the only words that are actually different in this replacement instruction than the jury has in its hands right now. Do you agree with that? *MR. DIAZ:* Yes. *THE COURT:* All right. So you're objecting to me giving any corrected charge, period? *MR. DIAZ:* Because the prerequisites have not been met – *THE COURT:* All right. *MR. DIAZ:* -- according to 36.16. *THE COURT:* It appears to the Court that, it having inadvertently come to the Court's attention that those words were

8

omitted from the original charge, it would be improper for me not to bring the jury back in and give them that additional instruction so that they will have the correct law as it relates to parole, to use for whatever purposes they need to use it in their deliberations. There will be no additional -- is anybody requesting any additional argument on that? *MS. VINSON:* No, Judge. No other comments or statements. *MR. DIAZ:* No, Judge. *(Jury enters courtroom), Court's supplemental charge is read, (Jury retired for deliberations).* (16 RR at 4-9)."

There was no additional argument by both sides, the supplemental charge was submitted to the jury. Shortly thereafter, the jury announced it had reached a verdict. To preserve jury charge error, the defendant's objection must be specific and clear enough to apprise the trial court of the nature of the objection. TEX. CODE CRIM. PROC. art. 36.14; TEX. R. APP. P. 33.1(a)(1)(A); *Pennington v. State,* 697 S.W.2d 387, 390 (Tex. Crim. App.1985); *Williams v. State,* 930 S.W.2d 898, 902 (Tex. App. - Houston [1st Dist.] 1996, pet. ref'd). If a specific objection to a charge is not raised at trial, it is not preserved for appeal. *Calicult v. State,* 503 S.W.2d 574,576 n. 3 (Tex. Crim. App.1974); *Loving v. State,* 947 S.W.2d 615, 619 (Tex. App. - Austin 1997, no pet.); *Duc Vu v. State,* 750 S.W.2d 8, 9 (Tex. App. - Texarkana 1988, pet. ref'd).

Reviewing this record, appellant did make a clear and specific objection to apprise the trial court of the nature of the objection, and make objections to the charge

9

specifically on article 36.16 grounds. However, because appellant has complained of jury charge error, our inquiry cannot end here. Appellant contends the trial court's submission of the supplemental charge constitutes reversible charge error under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). It is well-settled that an appellant who complains on appeal of an unobjected-to, non-constitutional jury charge error will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App.2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Appellant argues that, even though he did object to the charge although non-specifically on article 36.16 grounds, the submission of the supplemental charge was error under that article, and its submission to the jury constitutes egregious error.

The only conclusion is the submission of the supplemental charge was error under article 36.16. None of the prerequisites of the article was met in this case; the jury did not request further instructions, and there had been neither improper argument nor any new testimony adduced after the original charge was given. The only conclusion is that the erroneous submission of the parole law charge, after the jury had begun to deliberate, egregiously harmed appellant by depriving him of a valuable right--his right to representation by counsel.

Appellant's trial counsel could have requested the inclusion of the parole law

10

charge, but he made a tactical decision not to do so. In his closing argument, counsel stressed that, see closing statement. (15 RR at 32-33). Trial counsel made no specific reference to any number of years. The jury had sent no notes. The trial court's decision to supplement the charge with the parole law charge effectively overroded the professional judgment of appellant's counsel. See *Murray v. State,* 857 S.W.2d 806, 811 (Tex. App. - Fort Worth 1993, pet. ref'd) (supplemental charge adding a definition of "in the course of theft" to include an attempt to flee violated appellant's right to counsel).

Furthermore, the supplemental charge vitally affected a defensive theory. In his closing argument, appellant's counsel pursued two theories: (1) that appellant was a party, and that the State was "trying to take these actions of Kazzaz and transfer them over to Larrlyon and impact your emotion," and (2) that appellant did not use a firearm. To convict appellant of aggravated assault of a public servant, the jury was required to disbelieve appellant's defensive theories. When the judge gave the supplemental instruction, it must have seemed to the jury as if he was answering defense counsel's arguments. From then on, it was as if counsel's opponent was not the prosecutor, but the judge. That denied appellant a fair trial. *Moore v. State,* 848 S.W.2d 920, 923 (Tex. App. - Houston [1st Dist.] 1993, pet. ref'd) (holding a supplemental charge adding a charge on the law of parties denied appellant a fair

11

trial). The trial court's supplementation of the charge to add a parole law charge after deliberation had begun and the jurors had not sent out any notes constitutes egregious error. The judgment of the trial court should be reversed, and the case is remanded for a new trial. Additionally, Appellant asserts that the trial court, by providing the definition of a parole law charge, emphasized the conviction unduly, informed the jury about the specific facts of the case, and commented on the weight of the evidence.

When the trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction. *Daniefi v. State,* 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). A trial court has broad discretion in submitting proper definitions to the jury. *Roise v. State,* 7 S.W.3d 225, 242 (Tex. App.--Austin 1999, pet. ref'd). A trial court is allowed to give a supplemental instruction if requested by the jury. See *Garza v. State,* 55 S.W.3d 74, 77 (Tex. App. - Corpus Christi 2001, pet. ref'd) (stating that, if prerequisites of article 36.16 are met, court may give supplemental charge); Tex. Code Crim. Proc. Ann. art. 36.16 (Vernon Supp. 2004). This case is not analogous to providing the jury with a statutorily correct definition.

Appellant is in dispute with the Fourteenth Court's opinion issued and requests that this Court consider this Petition For Discretionary Review. Appellant urges this

12

Petition based upon the fact that this Court attempts to address the issues as briefed. The Court Of Appeals lack of cited case law has departed from the accepted and usual course of judicial proceedings and the case law cited by Appellant in his Petition For Discretionary Review, as to call for an exercise of this Court's power of supervision.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Appellant, Larrlyon Deshun Williams, prays that the Court grant the Petition For Discretionary Review for Appellant, order briefing on this cause, and set it for submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, the Court issue an opinion resolving this conflict so that the bench and bar of this state will know how to address and dispose of similar issues in the future.

Respectfully submitted,

**/s/CARY M. FADEN**
**Cary M. Faden**
SBN 06768725
Counsel for Appellant
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Facsimile: (281) 491-0049
**E-Mail: caryfaden@aol.com**

Attorney For Appellant

13

## CERTIFICATE OF COMPLIANCE, T.R.A.P., RULE 9.4(3)

In accordance with TEX. R. APP. P. 9.4(3), I Cary M. Faden, certify that this is a computer generated document and I state that the number of words in this document is approximately 4,447 words. I am relying on the word count of the computer program used to prepare this document.

/s/CARY M. FADEN
**Cary M. Faden**


## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. P. 9.5, I, Cary M. Faden, certify that a true and correct copy of the foregoing Petition For Discretionary Review has been served, by U.S. Mail, upon Larrlyon Deshun Williams, to the attorney for the State Of Texas, John F. Healey, Jr., District Attorney, Appellate Division, 301 Jackson Street, Room 101, Richmond, Texas 77469, to the State Of Texas Prosecuting Attorney, Lisa C. McMinn, P. O. Box 13046, Capitol Station, Austin, Texas 78711 on this the 16th day of January, 2015.

/s/CARY M. FADEN
**Cary M. Faden**

# APPENDIX

November 25, 2014



## JUDGMENT

## The Fourteenth Court of Appeals

### LARRLYON DESHUN WILLIAMS, Appellant

NO. 14-13-00149-CR
NO. 14-13-00150-CR
NO. 14-13-00156-CR                    V.

### THE STATE OF TEXAS, Appellee

---

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order this decision certified below for observance.

Affirmed and Opinion filed November 25, 2014.



In The

# Fourteenth Court of Appeals

NO. 14-13-00149-CR
NO. 14-13-00150-CR
NO. 14-13-00156-CR

LARRLYON DESHUN WILLIAMS, Appellant
V.
THE STATE OF TEXAS, Appellee

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 10-DCR-054995A, 11-DCR-056930A, 10-DCR-054992A

## O P I N I O N

These three appeals, which we consolidate into one, stem from a bank robbery followed by a car chase and gunfight. Appellant Larrlyon Deshun Williams was convicted of aggravated robbery, aggravated assault, and aggravated assault of a public servant. In his first issue, appellant challenges the legal sufficiency of the evidence to support his convictions. We hold the evidence was legally sufficient to convict appellant of each offense under the law of parties. In

his second issue, appellant contends the trial court violated Article 36.16 of the Texas Code of Criminal Procedure when it submitted a corrected punishment charge to the jury after it had begun deliberating. We hold the trial court did not err in correcting the erroneous charge. Appellant raises a third issue solely with regard to his conviction for aggravated assault with a deadly weapon, contending that the trial court erred by including a conspiracy instruction in the jury charge. We hold that because there was legally sufficient evidence to convict appellant as a co-conspirator, the court did not err by including the instruction. We therefore affirm the trial court's judgment.

## BACKGROUND

On the morning of May 22, 2010, Mouafad Kazzaz robbed a Bank of America located in Sugar Land, Texas. The State offered evidence that appellant was his getaway driver.

Dorothy Donovan, the bank manager, testified that Kazzaz walked into the bank, pulled out a gun, pointed it at her chest, and announced, "Nobody move. No alarms. I'll shoot you." She testified that she feared imminent bodily injury and death. Kazzaz handed the bank tellers a bag and instructed them to fill it quickly. He threatened to shoot them if they did not comply. During the heist, Kazzaz had a bluetooth device in his ear, allowing him to communicate with individuals outside the bank. Kazzaz made off with approximately $76,000. After Kazzaz left the bank, Karen Emert, one of the bank tellers, observed Kazzaz stop next to a nearby store and then enter a plain white van.

Deputy Charles Scott learned of the bank robbery through the radio in his car. As he was driving south on Highway 99, Scott saw a white van traveling north. He testified that he made eye contact with the driver, and that the driver continued staring in his direction after they passed each other. Scott then turned

2

around in the hope of conducting a traffic stop. Because the van's speed increased significantly, Scott had to pursue at a rate exceeding 100 miles per hour. Once he caught up to the van, Scott checked the license plate and found that it was registered to a four-door car. Scott kept following the van and activated his car's overhead lights. The van headed down an isolated road, slowed down, and eventually came to a sudden stop. The rear doors then flew open and Kazzaz began shooting a gun at Scott. Scott took cover in his police car but nonetheless was hit in his head and arm. At some point Kazzaz stopped firing, and Scott realized the van had left the scene. He notified dispatch that he had been injured and provided the direction the van had fled. Scott was subsequently flown to a hospital. As a result of the shooting, he suffered permanent nerve damage to his fingers, and his left arm is now disabled. There is a bullet lodged behind his left eye that may cause him to lose his eyesight.

The van was spotted by several officers and a chase ensued, with shots being fired at the officers pursuing the vehicle. Arwen McGaw was driving several members of her family to brunch when she saw the white van headed in her direction. She heard a loud sound and decided to pull over because she thought one of the tires of her truck had been punctured. She then began feeling pain in her abdomen and left leg. McGaw had been struck by a stray bullet fired from the van. She was taken to the hospital and three inches of her intestine were removed during surgery. She suffered permanent nerve damage.

Eventually the van entered a dead-end cul-de-sac. After another exchange of gunfire with the officers, the assailants attempted to flee. The driver rammed the van into an iron fence and it bounced off, striking an officer's car. The van then stopped, however, because its internal computer shut down the fuel system. Appellant exited the driver's side door. He asked the officers not to shoot and

3

surrendered. One of the deputies on the scene heard noise emanating from the van and fired six more rounds into the vehicle. Appellant then opened the back doors of the van, and Kazzaz was found dead.

Kim Oreskovich, a crime scene investigator for the Fort Bend County Sheriff's Office, testified that a rifle case and two duffle bags were found inside the van. One of the duffle bags contained weapons, magazines, and ammunition. It also contained different skin creams, fake mustaches, and fake hair. She termed those items a "robber's kit." Several guns were recovered from the van, including an AK-47. One of the guns was found underneath the passenger seat. Two cell phones and a bluetooth earpiece were also recovered from the scene. One cell phone was found inside the van and one was found in the grass right outside. Many casings were also recovered, which Oreskovich stated was consistent with the use of an AK-47. The money from the robbery was found inside a cooler, which had been tied down. An extra license plate with tape attached to the back side was also found. Two different license plate numbers for the van had been reported during the chase.

The police investigation revealed that appellant had been at that particular Bank of America branch two days before the robbery, and that calls between the two cell phones had occurred during the heist. Another vehicle, appellant's Chevy Suburban, was also searched. One casing was found inside the vehicle, and police determined that the casing matched one of the guns recovered from the white van.

Appellant was subsequently indicted for aggravated robbery, aggravated assault of a police officer, and aggravated assault with a deadly weapon. The jury convicted appellant of all three offenses. During the punishment phase, the trial court discovered it had mistakenly omitted a few words from the jury charge regarding the availability of parole. The court decided to correct the charge even

4

though the jury had already begun deliberating. Appellant objected to the correction on the grounds that none of the instances in which a trial court may provide additional charges to the jury under Texas Code of Criminal Procedure Article 36.16 had been met. Appellant conceded, however, that the charge originally given by the court was incorrect. The court asked if either of the parties desired additional argument, and both the state and appellant declined. Appellant was subsequently sentenced to two 45-year prison terms, one 30-year prison term, and assessed two fines of $10,000. This appeal followed.

## ANALYSIS

I. **There is legally sufficient evidence that appellant was a party to the offenses.**

Appellant challenges the sufficiency of the evidence that he was guilty of the aggravated robbery, aggravated assault with a deadly weapon, and aggravated assault of a public servant. Appellant asserts that the evidence implicating him was completely contradictory because none of the officers observed him firing a gun, and none of the bank employees saw him in the bank the day of the robbery. We note at the outset that appellant has not challenged the legal sufficiency of the evidence that Kazzaz committed these offenses, but solely the sufficiency of the evidence that he was also guilty of the offenses.

### A. Standard of review

We review evidentiary sufficiency challenges under the standard set forth in *Jackson v. Virginia*. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The reviewing court must consider the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*,

5

443 U.S. 307, 319 (1979); *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013).

The jury is the sole judge of the credibility of witnesses and the weight to afford testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *See Canfield v. State*, 429 S.W.3d 54, 65 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). When the record supports conflicting inferences, the reviewing court presumes the trier of fact resolved the conflicts in favor of the State and defers to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When the charge authorizes the jury to convict the defendant on more than one theory, as it did in this case, the verdict of guilt will be upheld if the evidence is sufficient on any theory authorized by the jury charge. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery*, 369 S.W.3d at 192.

### B. Party liability

The law of parties in the Texas Penal Code defines when a person may be held criminally responsible for the conduct of another. The statue provides that each party to an offense may be charged with the offense. Tex. Penal Code Ann. § 7.01(b) (West 2011). Under section 7.02(a)(2), a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex. Penal Code Ann. § 7.02(a)(2) (West 2011). Section 7.02(b) provides:

6

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

Tex. Penal Code Ann. § 7.02(b) (West 2011).

In determining whether the accused participated as a party, the court may examine the "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara*, 152 S.W.3d at 49.

### C. The evidence is legally sufficient to find that appellant was a party to the aggravated robbery.

Viewed in the light most favorable to the verdict, we hold the evidence is legally sufficient for a rational trier of fact to find that appellant was a party to the aggravated robbery. A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (West 2011). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it. Tex. Penal Code Ann. § 31.03(a) (West 2011). Appropriation is unlawful if it is without the owner's effective consent. Tex. Penal Code Ann. § 31.03(b)(1) (West 2011).

7

A person commits aggravated robbery if he uses or exhibits a deadly weapon during the commission of a robbery. Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). A firearm is per se a deadly weapon. Tex. Penal Code Ann. § 1.07(a)(17)(A) (West 2011).

As noted above, appellant does not dispute that there is sufficient evidence Kazzaz committed an aggravated robbery at the bank. Although appellant contends the evidence concerning his own guilt was completely contradictory, our role is not to resolve conflicts in the evidence. *Clayton*, 235 S.W.3d at 778. Instead, we presume the jury resolved conflicts in favor of the verdict. *Id.* Evidence of events before, during, and after the commission of the offense— detailed above—shows that appellant visited the bank two days prior to the robbery. A call between the two cell phones found at the scene occurred during the heist, and a witness testified that Kazzaz was wearing a bluetooth earpiece. Appellant also exited the driver's side of the vehicle after the chase ended, supporting a finding that he acted as the getaway driver. *See Hooper v. State*, 255 S.W.3d 262, 266 (Tex. App.—Waco 2008, pet ref'd). These facts alone are sufficient for a rational juror to find beyond a reasonable doubt that appellant aided the commission of the aggravated robbery with the requisite intent. *See Guevara*, 152 S.W.3d at 49.

Moreover, the police found an extra license plate inside the van and two different license plate numbers were reported by officers during the pursuit. This evidence indicates either that appellant changed the license plates or that Kazzaz changed them while appellant remained as driver rather than taking advantage of an opportunity to leave. In either event, a rational jury could conclude that appellant was a willing participant in the robbery and subsequent escape.

8

Although appellant correctly notes that none of the evidence establishes that he used or exhibited a weapon or threatened an individual during the commission of the offense, such facts need not be demonstrated in order to establish guilt under the law of parties. Indeed, the Legislature abolished the distinction between accomplices and principals, allowing each party to an offense to be charged with the offense. *See* Tex. Penal Code Ann. § 7.01(c) (West 2011). Thus, to uphold appellant's conviction, the evidence is sufficient if, as here, it permits a rational juror to conclude beyond a reasonable doubt that appellant was a party to the offense. Tex. Penal Code Ann. § 7.01(b).

**D.     The evidence was legally sufficient to find appellant was a party to the aggravated assault with a deadly weapon.**

With regard to appellant's conviction for aggravated assault of McGaw with a deadly weapon, we consider whether a rational jury could have convicted appellant as a party to a secondary offense under section 7.02(b). For a defendant to be found guilty under that section, the jury must find that the defendant was part of a conspiracy to commit one felony, that a co-conspirator committed a second felony in attempting to carry out the conspiracy, and that the second felony was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of carrying out the conspiracy. Tex. Penal Code § 7.02(b). We examine the totality of the circumstances to determine whether, on the facts of each case, a particular offense committed by a co-conspirator was "reasonably foreseeable" within the scope of the unlawful agreement. *Anderson v. State*, 416 S.W.3d 884, 889 (Tex. Crim. App. 2013).

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 22.01(a)(1) (West 2011). A person commits aggravated assault if he uses or exhibits a deadly weapon during

9

the commission of the assault. Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). Aggravated assault constitutes a first-degree felony if the actor is in a motor vehicle, knowingly discharges a firearm at or in the direction of a vehicle, is reckless as to whether the vehicle is occupied, and causes serious bodily injury to any person. Tex. Penal Code Ann. § 22.02(b)(3) (West 2011).

In *Hooper v. State*, the defendant challenged his conviction of aggravated assault of a public servant on legal sufficiency grounds. *Hooper v. State*, 214 S.W.3d 9, 11 (Tex. Crim. App. 2007). When apprehended, the defendant was driving a car that had fled the scene of a robbery. *Id.* at 12. The car was spotted by a game warden, who had to drive at a speed exceeding 100 miles per hour to catch up. *Id.* The car slowed down, pulled over, and came to a complete stop. *Id.* One of the occupants exited the car and fired a shot at the warden before fleeing into the woods nearby. *Id.* The defendant remained at the scene, never tried to escape, had no weapons on him, and never gave the officers any trouble. *Id.* Nevertheless, he was convicted by a jury under the law of parties. *Id.* at 11.

On remand from the Court of Criminal Appeals, the court of appeals held that, viewing the evidence in the light most favorable to the verdict, being the driver of a getaway car when it was pulled over permitted an inference that the defendant was also driving the getaway car at the scene of the robbery that had occurred thirty minutes earlier. *Hooper v. State*, 255 S.W.3d 262, 266 (Tex. App.—Waco 2008, pet. ref'd). The court observed that a rational juror could infer that as the getaway driver, the defendant knew that the other passengers were going to rob the store and that they were armed. *Id.* From this evidence, a juror could infer that the defendant conspired to commit aggravated robbery and that he should have anticipated one of his co-conspirator's aggravated assault of the game warden during the getaway. *Id.* In accordance with the Court of Criminal

Appeals' prior decision in the case, the court of appeals thus held that these multiple, reasonable inferences, when considered with the cumulative force of the direct and circumstantial evidence, were legally sufficient for a rational juror to find beyond a reasonable doubt that appellant was a party to the aggravated assault of a public servant under the conspiracy theory of liability. *Id.*

Considering the totality of the circumstances and the multiple, reasonable inferences that can be drawn therefrom, we hold the evidence in this case was likewise legally sufficient for a rational jury to find beyond a reasonable doubt that appellant and Kazzaz conspired to rob the bank, that the assault of McGaw was committed in furtherance of the unlawful purpose, and that appellant should have anticipated the assault as a result of carrying out the conspiracy. Appellant's visit to the bank two days prior to the robbery, his exit from the driver's side of the getaway van, and the recovery of two cell phones that were communicating during the robbery are sufficient facts for a rational jury to conclude that appellant and Kazzaz conspired to rob the bank. Appellant does not dispute that Kazzaz committed the first-degree felony of aggravated assault of McGaw with a deadly weapon. Furthermore, a jury could easily find that this offense was committed in furtherance of the unlawful purpose because, as in *Hooper*, it occurred as Kazzaz and appellant were attempting to evade arrest by law enforcement officers. Additionally, a juror could conclude that appellant, as the getaway driver, knew Kazzaz was armed with a deadly weapon and that the van contained multiple firearms—among them an AK-47—and numerous rounds of ammunition. *See Hooper*, 214 S.W.3d at 15 (holding juries are permitted to draw multiple, reasonable inferences from the evidence as long as each inference is supported by evidence presented at trial); *see also Hooper*, 255 S.W.3d at 266. Thus, a rational

11

juror could find appellant should reasonably have foreseen that the aggravated assault might follow as a result of carrying out the conspiracy.

We do not suggest that every time two or more individuals conspire to commit a robbery, they should anticipate an aggravated assault of an innocent bystander will occur. But the numerous guns involved in this case evidence "a plan fraught with risks of violence." *Galvana-Cerna v. State*, 01-12-00324-CR, 2014 WL 4335597 at * 7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2014, no pet.). Accordingly, a rational jury could have found appellant criminally responsible for the aggravated assault with a deadly weapon beyond a reasonable doubt.

**E.    The evidence was legally sufficient to find appellant was a party to the aggravated assault of a police officer.**

We likewise hold the evidence was legally sufficient to convict appellant of aggravated assault of a public servant under the law of parties. Aggravated assault is a first-degree felony if committed against a person the actor knows is a public servant and the public servant is lawfully discharging an official duty. Tex. Penal Code Ann. § 22.02(b)(2)(B) (West 2011). Under the law, an actor is presumed to have known the person was a public servant if the public servant was wearing a distinctive uniform or badge indicating that person's employment as a public servant. Tex. Penal Code Ann. § 22.02(c) (West 2011).

The evidence detailed above supports a finding by a rational jury that appellant acted with the intent to aid the commission of the offense and did in fact aid the commission of the offense. The driver of the van traveled to an isolated area and came to a sudden stop before Kazzaz opened the rear doors and fired at Scott. The driver then drove the van away from the scene. Because appellant exited the driver's side door when he was apprehended, there is sufficient evidence for a rational juror to conclude that appellant was driving the van when Kazzaz

12

committed the offense. Consequently, the evidence is legally sufficient to support appellant's conviction as a party under section 7.02(a)(2). Additionally, as shown by our discussion of the *Hooper* case above, there was legally sufficient evidence for a rational jury to find appellant criminally responsible for the secondary offense of aggravated assault of a public servant as a co-conspirator under section 7.02(b). We therefore overrule appellant's legal sufficiency challenges.

## II. The trial court did not err in correcting a charge error.

In his second issue, appellant contends that the trial court erred by providing a corrected charge to the jury after deliberations had begun because the prerequisites of Article 36.16 of the Texas Code of Criminal Procedure had not been met.

Article 36.19 of the Code of Criminal Procedure provides separate standards of review for preserved and unpreserved errors relating to the jury charge. *Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000). If an error was the subject of a timely objection in the trial court, reversal is required if the error "was calculated to injure the rights of the defendant"—that is, the defendant suffered "some harm." *Id.* If there was no objection, we will reverse only if it appears from the record that appellant was denied a "fair and impartial trial," and therefore suffered "egregious harm." *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm occurs when the error "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

Neither standard of harm applies, however, unless there is error in the jury charge. *Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). Disregarding a requirement of Article 36.16 is an error to which these standards apply. *Id.*; *see*

13

Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Teamer v. State*, 429 S.W.3d 164, 172 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Accordingly, we begin by considering whether the trial court complied with Article 36.16.

Appellant asserts that providing a corrected jury charge was erroneous because Article 36.16, with certain express exceptions not applicable here, precludes the trial court from amending the charge after closing arguments have ended. *See* Tex. Code Crim. Proc. Ann. art. 36.16 (West 2006) (providing that after jury arguments begin, no further charge shall be given to the jury "unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony"). The Court of Criminal Appeals has construed Article 36.16 to accommodate the trial court's post-argument correction of an erroneous charge, however. *See Smith v. State*, 898 S.W.2d 838, 854–55 (Tex. Crim. App. 1995); *Bustillos v. State*, 464 S.W.2d 118, 125 (Tex. Crim. App. 1971) ("[T]he court may before verdict withdraw and correct its charge if convinced an erroneous charge has been given."); *Teamer*, 429 S.W.3d at 172–73; *see also Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) ("The trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions.") (internal quotation marks omitted).

In this case, the trial court mistakenly omitted some language in its jury charge during the punishment phase. The charge informed the jurors that if they sentenced appellant to a term of imprisonment, he would not be eligible for parole until he served one-half of the imposed prison sentence. The instruction was incomplete. Section 508.145 of the Texas Government Code[1] provides that an

---

[1] The section is applicable to inmates serving a sentence for aggravated robbery or inmates who were convicted as a party to an offense in which a deadly weapon was used or exhibited if they knew that a deadly weapon would be used or exhibited. *See* Tex. Gov't Code Ann.

14

individual is not eligible for parole until the time served equals one-half of the sentence imposed *or 30 years, whichever is less*. Tex. Gov't Code Ann. § 508.145(d)(1) (West 2012) (emphasis added). Because, as appellant's trial counsel conceded, the court corrected an erroneous charge, the court did not err by providing the corrected instruction after deliberations had begun. *See Smith*, 898 S.W.2d at 854–55; *Teamer*, 429 S.W.3d at 172–73. Given the lack of an error, we need not examine whether appellant suffered any harm as a result of the trial court's correction. *Posey*, 966 S.W.2d at 60. We overrule appellant's second issue.

## III.  The trial court did not err by including a conspiracy instruction in its jury charge.

Appellant challenges his conviction for aggravated assault with a deadly weapon on a third ground, asserting that the trial court erred by instructing the jury on co-conspirator liability. An instruction on the law of parties may be given to the jury whenever there is sufficient evidence to support a jury verdict that the defendant is criminally responsible under the law of parties. *Gilmore v. State*, 397 S.W.3d 226, 244 (Tex. App.—Fort Worth 2012, pet ref'd). Because we have held that the evidence was legally sufficient to support a finding that appellant was criminally responsible for the aggravated assault as a co-conspirator under the law of parties, we overrule this issue.

---

§ 508.145(d)(1).

15

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/    J. Brett Busby
Justice


Panel consists of Justices Boyce, Busby, and Wise.

Publish — TEX. R. APP. P. 47.2(b).

16