**Affirmed and Opinion filed April 8, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00760-CR

**COREY JULES TEAMER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1801008**

## O P I N I O N

Appellant Corey Jules Teamer appeals his conviction for criminal trespass. In five issues, which we consolidate into two, appellant challenges (1) the sufficiency of the evidence to convict him under a hypothetically correct jury charge, and (2) the propriety and harmfulness of the trial court's *sua sponte* amendment of the jury charge after the jury had begun deliberating. We hold that when a criminal statute allows an element of an offense to be proven by alternative

methods, more than one of which is alleged in the charging instrument, the hypothetically correct jury charge requires the State to prove only one of the alleged alternatives beyond a reasonable doubt. Under this standard, we conclude the evidence is sufficient to support appellant's conviction. We also conclude that amending the charge was not reversible error, and we therefore affirm.

## BACKGROUND

Matthew James Short was working at Houston Premium Outlets as a security guard when he received a phone call from the manager of one of the outlet stores, True Religion. The phone call led Short to begin looking throughout the mall for three men described by the store manager. Short, along with another security guard, approached one of the men and asked him to return to the store with Short. Upon their return, the manager of the store identified the man Short was escorting as one of the three men she had described on the phone.

Short and the man he was escorting were met at the store by appellant and a third man. According to Short, appellant and the third man were the other two people described by the manager. Short testified at appellant's trial that a belt was returned to the store. Short explained that appellant "was getting aggressive and angry and cursing" at the manager, so Short told the three men that they "needed to leave the property."

Short then informed the men that if they did not leave the property he would contact the Harris County Sheriff's Office. Instead, the men began to walk further into the outdoor mall. Short called the Sheriff's department and followed the men at a distance. Short testified that two of the men "exited the mall outside the gates and were walking down the driveway" but that appellant remained inside the gates and sat on a bench.

2

Deputy Tribbett of the Harris County Sheriff's Office testified that he arrived on the scene and saw appellant and Short "standing on the curb area." Short testified that appellant, seeing a patrol car pulling up, began walking in towards the mall in the direction of another parking lot. Deputy Tribbett testified that when he made contact with the appellant, appellant "made his way from inside the mall area to outside the area." Deputy Tribbett testified that he did not know to what location appellant was headed, but that appellant was standing on the curb and facing the parking lot area.

Short told Deputy Tribbett about his conversation with the appellant, including the fact that he had already told appellant to leave several times. Deputy Tribbett advised appellant that he would be arrested for criminal trespass if he did not leave the property after having been told to do so several times. According to Deputy Tribbett, appellant "just stood there on his cell phone," so Deputy Tribbett arrested him.

Appellant was charged with criminal trespass and tried before a jury. *See* Tex. Penal Code Ann. § 30.05(a) (West Supp. 2013). The criminal information alleged that appellant "did then and there unlawfully intentionally and knowingly enter *and* remain on the property *and* in the building of another, namely, Matthew James Short, without the effective consent of Matthew James Short, after having received notice to depart and failing to do so." (Emphasis added).

The charge was originally submitted to the jury with no objection from either side. The abstract portion of the charge framed the offense in the disjunctive, informing the jury that a "person commits an offense if he or she intentionally or knowingly enters *or* remains on property *or* in a building of another without effective consent, and the person received notice to depart but failed to do so." (Emphasis added).

3

In contrast, the application paragraph of the charge directed the jury to find the defendant guilty if it believed that he "did then and there unlawfully intentionally and knowingly enter *and* remain on the property *and* in a building of another, namely, Matthew James Short, without the effective consent of Matthew James Short, after having received notice to depart and failing to do so." (Emphasis added). The application paragraph thus framed the offense in the conjunctive.

After the jury began deliberating, but before delivering its verdict, the trial court announced that it had made an error and was amending the application section of the charge, "changing the 'and's to 'or's which [is] what it's supposed to be." The court informed the jury that it "noticed that something was incorrect in the application paragraph." The trial court instructed the jury that "all the 'ands' are supposed to be changed to 'or's'" and that the bottom (application) part should read "the property *or* building of another" just as the top (abstract) portion did. (Emphasis added). The court informed the jury that it would "initial the changes where [it] made an error." The court crossed out only two of the "and"s, however, replacing them with "or"s. The revised version directed the jury to find defendant guilty if he "did then *or* there unlawfully intentionally and knowingly enter *or* remain on the property *and* in a building of another, namely, Matthew James Short, without the effective consent of Matthew James Short, after having received notice to depart and failing to do so." (Emphasis added).

Appellant objected, noting that the jury had been deliberating on the original charge for approximately ten minutes. Appellant argued that if the court was going to instruct the jury "on a different part of the law," then he was "entitled to reargue some things." The court overruled appellant's objection and his motion for a mistrial, but offered appellant's counsel "all the time [he] want[ed] to reargue."

4

The court then amended the charge in the jury's presence, and appellant "further[ed]" his objection for the record, clarifying his position that it was "a variance issue." The court overruled the clarified objection, and appellant's counsel then presented further argument to the jury.

The jury found appellant guilty of criminal trespass under the amended charge, and this appeal followed.

## ANALYSIS

### I. The State introduced sufficient evidence to support appellant's criminal trespass conviction under a hypothetically correct jury charge.

In his first three issues, which we consolidate into one, appellant argues that the evidence presented at trial is legally insufficient to support his conviction because the State's information conjunctively alleged alternative methods of proving certain elements of the offense, yet the State did not prove each alternative. We hold the sufficiency of the evidence is properly measured against a disjunctive framing of the offense, and that the State provided sufficient evidence to prove criminal trespass beyond a reasonable doubt based on allegations appearing in the information. Accordingly, there was no variance between the information and the proof offered at trial.

#### A. Standard of review and applicable law

On appeal, we must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013); *West v. State*, 406 S.W.3d 748, 756 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). In doing so, we defer to the jury's fair reconciliation and resolution of conflicts of the evidence, drawing all reasonable inferences in favor of the verdict. *West*, 406 S.W.3d at 756.

5

Although previously we measured evidentiary sufficiency against allegations in the application paragraph of the charge as submitted, we now look to the "hypothetically correct jury charge" to identify the essential elements for measuring sufficiency. *Gollihar v. State*, 46 S.W.3d 243, 252 (Tex. Crim. App. 2001). The hypothetically correct jury charge "accurately sets out the law, is authorized by the [charging instrument], does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was on trial." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Our reliance on the hypothetically correct jury charge "ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted." *Id.*

The hypothetically correct charge need not mirror all conjunctive language from the charging instrument. *See Gollihar*, 46 S.W.3d at 253 ("The Court did not state that the hypothetically correct charge was required to track exactly all of the allegations in the indictment . . . ."); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) ("[A]lthough the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive."). The State generally is not obliged to plead one specific means of committing an offense. *See Geick v. State*, 349 S.W.3d 542, 547 (Tex. Crim. App. 2011). If the State elects to allege only certain of the available statutory alternatives for committing the charged offense, however, the State must prove the offense by one of the chosen methods alleged in the charging instrument. *Id.*; *see also Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) ("We believe the 'law' as 'authorized by the indictment' must be the statutory elements of the offense . . . as modified by the charging instrument.").

The hypothetically correct jury charge standard therefore requires sufficient evidence that the offense was committed in a manner that does not materially vary from the allegations in the charging instrument. *Gollihar*, 46 S.W.3d at 246–47. Descriptions of the offense that are not derived from the language of the authorizing statute need not be incorporated into the hypothetically correct jury charge unless omitting them would affect the "allowable unit of prosecution." *Johnson v. State*, 364 S.W.3d 292, 297–98 (Tex. Crim. App. 2012). Such non-statutory "variances" are considered immaterial to the sufficiency of the evidence. *Id.* at 295.

In contrast, a variance between the pleading and proof of an element required by statute is considered material and will "render the evidence legally insufficient to support the conviction." *Id.* at 293. But where a statute allows an element of an offense to be proven by alternative methods, more than one of which is alleged in the charging instrument, the evidence of that element will be sufficient if the State proves one of the statutory alternatives alleged in the charging instrument beyond a reasonable doubt. *See Cada v. State*, 334 S.W.3d 766, 770–71 (Tex. Crim. App. 2003); *see also Geick*, 349 S.W.3d at 547.

**B.**    **Although the information conjunctively charged multiple methods of proving certain elements of the offense, the evidence is sufficient because the State proved each element by one of the alleged methods.**

Here, the information alleged that appellant "did then and there unlawfully intentionally and knowingly enter *and* remain on the property *and* in the building of another, namely, Matthew James Short without the effective consent of Matthew James Short, after having received notice to depart and failing to do so." (Emphasis added). Under the authorizing statute, however, "enter[ing] *or* remain[ing] on *or* in property of another, including . . . a building," are alternative

7

methods of proving elements of the offense. Tex. Penal Code Ann. § 30.05(a) (emphasis added). In addition, the statute provides that a person commits criminal trespass only where he "had notice that the entry was forbidden" or "received notice to depart but failed to so." *Id.* § 30.05(a)(1)–(2). One of these elements must be shown in order for the offense to be complete. *Id.*; *see McIntosh v. State*, 297 S.W.3d 536, 544 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Because the information did not allege that appellant had notice the entry was forbidden, the State was required to prove that appellant received notice to depart the premises but failed to do so. *See Cada*, 334 S.W.3d at 773–74 ("[T]he sufficiency of the evidence is measured by the specific alternative elements that the State has alleged in the indictment."). To prove that appellant violated the criminal trespass statute because he entered the mall premises with knowledge that entry was forbidden would have been a material variance between pleading and proof. *See Johnson*, 354 S.W.3d at 294.

The State did not attempt to prove such an entry theory here. Rather, it offered evidence at trial that appellant intentionally or knowingly remained on mall property after having received notice to depart, thus remaining on the property without effective consent. *See* Tex. Penal Code Ann. § 30.05. Appellant does not attack the sufficiency of this evidence on appeal. Indeed, testimony at trial suggested that appellant had ample notice that he lacked effective consent to remain on the property. Short told appellant to leave the property multiple times, Deputy Tribbett reminded appellant that Short had told him to leave, and Deputy Tribbett warned appellant that he would be arrested if he did not then leave.

Instead, appellant relies on the information's conjunctive language, arguing that the hypothetically correct jury charge requires proof that appellant remained on Short's property and in Short's *building*. Appellant similarly argues that the

hypothetically correct jury charge requires proof that appellant's *entrance* onto the property and into the building was without effective consent. Appellant argues that because these elements are derived from statutory language, the State's failure to prove all of them is a material variance. *See Cada*, 334 S.W.3d at 774 ("The Texas 'immaterial variance' law as set out in *Gollihar* [*v. State*] does not apply to the specific statutory elements alleged in the indictment."). We disagree.

Appellant would have us hold that every statutory alternative method of proving an element of the offense that is alleged in the charging instrument must be incorporated into the hypothetically correct jury charge. Appellant relies on *Cada v. State*, in which the Court of Criminal Appeals held that "if the State pleads *one specific element* from a penal offense that contains alternatives for that element, the sufficiency of the evidence is measured by the element that was actually pleaded, not any other statutory alternative element." 334 S.W.3d at 774 (emphasis added).

But this holding does not apply where, as here, the charging instrument includes *multiple* alternative methods of proving an element of the offense. *See Johnson*, 364 S.W.3d at 294 (variance occurs when the State proves "an *unpled* method." (emphasis added)). Because the State introduced sufficient evidence of at least one of the charged alternatives for each element of the offense, there was no variance between pleadings and proof even though the State may not have proved every allegation appearing in the information. *See Cada*, 334 S.W.3d at 771 ("[A]n indictment might contain allegations that the defendant retaliated against the complainant because he was 'a public servant, witness, prospective witness, and informant,' and if the proof shows any one of those statutory alternative elements beyond a reasonable doubt, then the evidence is sufficient to

9

support a conviction.").[1]  It is therefore irrelevant to our sufficiency review whether the State proved that appellant (1) entered the property and the building without effective consent, or (2) remained in the building[2] without effective consent.  To hold otherwise would undermine the State's ability to plead in the conjunctive and charge in the disjunctive, *see Kitchens*, 823 S.W.3d at 258, because the sufficiency of the evidence would always be reviewed against the conjunctive formulation on appeal.

Having concluded that there is sufficient evidence of at least one of the charged alternatives for each element of criminal trespass, we overrule appellant's first three issues.

## II.     The trial court's permissible amendment to the jury charge did not deny appellant the opportunity to make a closing argument.

Appellant's fourth and fifth issues attack the trial court's *sua sponte* amendment of the jury charge after the jury had begun deliberating, both on procedural grounds and as it affected his rights to counsel and due process.  In his fourth issue, appellant argues that the trial court's amendment violated Article 36.16 of the Code of Criminal Procedure.  But the amendment was permissible to correct an inadvertent error by the trial court, and in any event appellant only requested additional argument time and did not make any other objections to the charge at trial, nor has appellant shown on appeal that he was egregiously harmed by the amendment.  In his fifth issue, appellant argues that the amendment

---

[1] Moreover, any alternatives unsupported by evidence are not essential to constitute the offense and could be omitted without affecting the charge, so their omission from the hypothetically correct charge is not material. *See Gollihar*, 46 S.W.3d at 250, 256 n.21.

[2] On appeal, appellant argues that the State was obliged to prove that he entered and remained in the True Religion store.  But the name of the store does not appear in the criminal information, the original or amended charge, or the appellant's closing argument.  Nor has appellant provided any authority that would support narrowing the hypothetically correct jury charge in such a manner.

constructively denied him the opportunity to make a closing argument and a fair trial in violation of his rights to due process and effective assistance of counsel. We conclude, however, that the trial court's amendment did not deny appellant the opportunity to make a closing argument.

**A.** **The trial court permissibly corrected a charge error, and in any event the correction did not egregiously harm appellant.**

Article 36.19 of the Code of Criminal Procedure dictates separate standards of review for preserved and unpreserved errors relating to the jury charge. *Jimenez v. State*, 32 S.W.3d 233, 237 (Tex. Crim. App. 2000). If an error was the subject of a timely objection in the trial court, reversal is required if the error "was calculated to injure the rights of the defendant"—that is, the defendant suffered "some harm." *Id.* If there was no objection, we will reverse only if it appears from the record that appellant was denied a "fair and impartial trial," and therefore suffered "egregious harm." *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm occurs when the error "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

Neither standard of harm applies, however, unless there is error in the jury charge. *Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). Disregarding a requirement of Article 36.16 is an error to which these standards apply. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006). Accordingly, we begin by considering whether the trial court complied with Article 36.16.

Appellant argues that amending the jury charge was erroneous because Article 36.16 precludes the trial court from amending the charge after closing arguments have begun. *See* Tex. Code Crim. Proc. Ann. art. 36.16 (West 2006) (providing that after jury arguments begin, no further charge shall be given to the

11

jury "unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony"). The Court of Criminal Appeals has construed Article 36.16 to accommodate the trial court's post-argument correction of an erroneous charge, however. *See Smith v. State*, 898 S.W.2d 838, 855 (Tex. Crim. App. 1995); *Bustillos v. State*, 464 S.W.2d 118, 125–26 (Tex. Crim. App. 1971) ("[T]he court may before verdict withdraw and correct its charge if convinced an erroneous charge has been given."); *Bordman v. State*, 56 S.W.3d 63, 73 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd); *see also Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) ("The trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions." (internal quotation marks omitted)).

Here, by resolving the conflict between using "or" in the abstract portion of the charge while using "and" in the application portion, the trial court was correcting an erroneous charge. *See Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) ("In examining the charge for possible error, reviewing courts 'must examine the charge as a whole instead of a series of isolated and unrelated statements.'" (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)); *Moreno v. State*, 872 S.W.2d 1, 2–3 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ("When the State proves its case in the disjunctive, the trial court should submit the charge in the disjunctive."). We hold the trial court did not err in making this correction after the jury had begun deliberating. *Gaines v. State*, 710 S.W.2d 630, 633 (Tex. App.—Dallas 1986, no pet.) (holding trial court did not err in correcting, after closing argument had begun, "a clerical error in the application paragraph in order to make that paragraph and the preceding definitions in the charge consistent"); *see also Seals v. State*, 90 S.W.3d 422, 424 (Tex. App.— Eastland 2002, pet. ref'd) (holding trial court, in response to question from jury

during deliberations, did not err in changing incorrect conjunctive charge to disjunctive charge).

Even if the trial court had erred in amending the charge, however, that error could not have harmed appellant. In order to preserve any error under Article 36.16 for review, appellant needed to object with sufficient specificity to make the trial court aware of his complaint and thus able to determine whether corrective action was appropriate. *See* Tex. R. App. P. 33.1(a)(1)(A); *Sattiewhite v. State*, 600 S.W.2d 277, 285 n.14 (Tex. Crim. App. [Panel Op.] 1979); *Edwards v. State*, 632 S.W.2d 908, 910 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd).

Appellant's specific complaint was that he was "entitled to reargue some things" should the trial court amend the instructions. In response, the trial court offered appellant an unlimited amount of time to reargue. Appellant also "further[ed]" his objection for the record, asserting that "it's a variance issue." At no point did appellant argue that Article 36.16 precluded an amendment to the jury charge under these circumstances.

For these reasons, we review any error under Article 36.16 under an egregious harm standard. As discussed further below, appellant had an opportunity to make additional closing arguments in light of the charge amendment, so we conclude he was not egregiously harmed. We therefore overrule appellant's fourth issue.

**B.     The charge amendment did not deny appellant due process or constructively deny him the assistance of counsel during closing argument.**

In his fifth issue, appellant argues that the trial court's amendment of the charge violated his right to due process and constructively denied him the effective assistance of counsel, thereby depriving him of a fair and impartial trial. The amendment left the majority of appellant's original closing argument intact,

however, and the trial court afforded appellant additional time to argue in light of the alteration. We therefore hold that the amendment did not violate due process or deprive appellant of the assistance of counsel.

The Sixth Amendment guarantees the assistance of counsel in obtaining a fair decision on the merits. *See Ex parte McFarland*, 163 S.W.3d 743, 751–52 (Tex. Crim. App. 2005). That right extends to closing argument, which is crucial to our adversary system of justice. *See Herring v. New York*, 422 U.S. 853, 861 (1975); *Ruedas v. State*, 586 S.W.2d 520, 522 (Tex. Crim. App. [Panel Op.] 1979). Thus, an "improper denial of a jury argument may constitute a denial of the right to counsel." *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989).

Given these principles, even though we have held the procedural protections of Article 36.16 did not preclude the trial court from correcting the charge error, the right to counsel could still be violated if "the actual instructions submitted are substantially different from those the court led counsel to believe it would submit and . . . repudiate arguments which were made based upon counsel's inaccurate information." *Murray v. State*, 857 S.W.2d 806, 810–11 (Tex. App.—Fort Worth 1993, pet. ref'd).

Appellant bases his argument that he was denied due process and the effective assistance of counsel on *Moore v. State*, 848 S.W.2d 920 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). In *Moore*, the First Court of Appeals found reversible error when the trial court submitted a supplemental charge on the law of parties after defense counsel had emphasized in his closing argument that the defendant did not himself commit the crime. *Moore* is distinguishable from this case in important respects.

First, *Moore* noted that the original charge was not erroneous. *Id.* at 921–22. In this case, however, the trial court explicitly instructed the jury that the changes

were a result of an error she made in the original charge, and admitted to having "missed" the words. *See Gaines*, 710 S.W.2d at 633 (holding trial court did not err in correcting clerical error in charge). Furthermore, unlike *Moore*, which involved an omitted instruction, the trial court here was reconciling a discrepancy between the abstract and application portions of the charge. *Gaines*, 710 S.W.2d at 633; *cf. Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007) ("It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." (internal quotation marks omitted)).

Second, in *Moore*, the court's holding that the charge amendment harmed the defendant rested in part on its conclusion that additional argument time was incapable of curing the error of counsel's initial reliance. 848 S.W.2d at 923. The court noted that "the same jury that may have found counsel's first argument persuasive would have doubtless found counsel's second argument absurd." *Id.* A second closing argument would have put defense counsel in the position of arguing that no delivery of cocaine had occurred, after having first argued that the charge did not authorize conviction because someone other than the defendant had delivered the cocaine. *See id.*

In this case, however, counsel was not forced to take an inconsistent position in his second closing argument. Counsel did briefly "share some technical things" with the jury at the beginning of his first closing argument, noting that the State had not proved that appellant lacked consent when he *entered* the mall. But counsel's first closing emphasized that appellant was not criminally trespassing because he lacked the intent to remain and was in the process of *leaving* the mall premises. Appellant's counsel also challenged Short's version of events, including whether appellant was even within the mall area when told to leave, and the lack of

15

corroborating evidence that he failed to leave such as an offense report or mall surveillance footage. These arguments about leaving, which take up almost five of the seven pages of the reporter's record that transcribe counsel's first closing argument, apply equally to the corrected charge. Moreover, counsel's arguments about leaving did not conflict with his arguments that the State also failed to prove entry without consent (which were rendered irrelevant by the charge amendment), and nothing prevented counsel from reiterating those leaving arguments in his second closing—as counsel in fact did.

Finally, in *Moore*, "the original charge said nothing about the law of parties" so the First Court held that "[c]ounsel made a legitimate argument that was based entirely on the trial judge's written instructions." *Id.* at 922–23.[3] Here, appellant's counsel asserted in his first closing argument that the State also had to prove entry without consent even though there was a conflict between the abstract and application portions of the charge on that point. While correcting this error certainly prevented appellant from taking advantage of the confusion generated by this conflict, eliminating this confusion did not deprive appellant of a fair and impartial trial. Moreover, the record shows that the correction was not complete: one of the conflicting conjunctive formulations that favored appellant—"on the property *and* in a building"—remained in the amended charge. (Emphasis added). Thus, the final charge was more favorable to appellant than due process required.

---

[3] The fact that the instruction concerned the law of parties further distinguishes *Moore* from the present case. Because "it is well-settled that the law of parties need not be pled" in the charging instrument, *Marable v. State*, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002), the jury charge will often serve as a defendant's only notice that he must argue that he is not liable as an accomplice. *See Malik*, 953 S.W.2d at 239 ("[W]e recognize that measuring sufficiency by the indictment is an inadequate substitute because some important issues relating to sufficiency— e.g. the law of parties and the law of transferred intent—are not contained in the indictment."). In this case, however, the charging instrument—as well as a portion of the original charge— provided appellant with notice of all means by which the State could prove that he was criminally liable.

We therefore reject appellant's arguments that he was denied due process or the assistance of counsel as a result of the amendment and overrule appellant's fifth issue.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment.


J. Brett Busby
Justice

Panel consists of Justices McCally, Busby, and Simmons.[4]

Publish — TEX. R. APP. P. 47.2(b).

---

[4] Former Justice Rebecca Simmons sitting by assignment.