

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00126-CR

RICHARD LEE SIMMONS A/K/A                                      APPELLANT
RICHARD SMITH

V.

THE STATE OF TEXAS                                                   STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12714

----------

### MEMORANDUM OPINION[1]

----------

Appellant Richard Lee Simmons a/k/a Richard Smith appeals his felony

conviction for assault against a member of his family or household.[2]  In one

issue, he contends that the trial court erred by overruling his objection to a jury

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014).

instruction. Specifically, he argues that the jury instruction was contrary to the language of the indictment and allowed the jury to reach a non-unanimous verdict concerning the manner in which he committed the assault. We affirm.

**Background Facts**

Appellant met M.B. (Monica)[3] in 2011. They began a romantic relationship, and he lived with her. One morning in October 2013, Monica and appellant awoke early because appellant had a civil court hearing to attend. When appellant could not find his cigarettes or his lighter, he became angry. He began throwing things and commanded Monica to make him breakfast "so that he could go see the judge at the courthouse."

Monica refused and went outside. Appellant eventually grabbed her by her hair, pulled her to his truck, and told her that she must attend his court hearing with him. In the process, he also hit her with his fists (including on her wrist because "he knew it hurt" and on her face), kicked her, bit her, and spit on her. Monica went to the courthouse with appellant.

After appellant won his court case, he and Monica began to walk out of the courthouse while he verbally abused her. Monica said, "I don't have to put up with this anymore. I'm going back inside." Appellant responded by stating, "If you do, you'll go out in a body bag." She went back inside to meet with Julie Pritchett, a victim assistance coordinator at the county attorney's office.

---

[3]To protect the victim's identity, we use an alias. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

2

At that meeting, Monica was distraught and desperate; to Pritchett, Monica appeared to be "an emotional wreck." Monica, who was injured on her wrist, said that she had been assaulted and that she feared for her life. Monica told Pritchett that through the course of events that morning, appellant had slapped and punched her head, spit on her, and punched her wrist. Robert Moon, who was then a sheriff's deputy in Hood County, took a statement from Monica. Like Pritchett, he noticed Monica's injured wrist. After Monica finished speaking with Deputy Moon, she stayed for several days in a women's shelter.

A grand jury indicted appellant with assault by causing bodily injury to Monica. The indictment alleged that appellant had a familial or dating relationship with Monica and that he had struck her on her head, wrist, and leg and had pulled her hair. The indictment also alleged that appellant had been previously convicted of assault against a member of his family or household. Before trial, appellant filed several documents, including an election for the jury to assess his punishment if he was convicted.

At trial, appellant pled not guilty. The jury considered the parties' presentation of evidence and arguments and found him guilty.[4] After receiving appellant's plea of true to a prior final felony conviction and hearing more

---

[4]The trial court admitted a document establishing that in 2006, a court convicted appellant of assault against a member of his family or household.

3

evidence and arguments concerning his punishment,[5] the jury assessed the punishment at twenty years' confinement.[6]  The trial court sentenced him accordingly.  Appellant brought this appeal.

## Jury Instruction

In his only issue, appellant contends that the trial court erred when it granted the State's request for a disjunctive jury instruction that was contrary to the language of the indictment and that allowed the jury to reach a non-unanimous verdict.  Appellant's indictment alleged that in October 2013 in Hood County, appellant "did then and there intentionally, knowingly, or recklessly cause bodily injury to [Monica] . . . by striking [her] on her head, wrist *and* leg with said defendant's hands *and* pulled [Monica's] hair."  [Emphases added.]  But the jury charge on the issue of appellant's guilt instructed the jury to find him guilty if the jury determined "beyond a reasonable doubt that . . .  [he] intentionally, knowingly or recklessly cause[d] bodily injury to [Monica] . . . by striking [her] on her head, wrist *or* leg with [his] hands *or* pulled [her] hair."  [Emphases added.]

---

[5]Monica testified again in the punishment phase of the trial, along with two other witnesses.

[6]When a defendant has been previously convicted of assault against a member of the defendant's family or household, a second conviction for that offense is a third-degree felony.  *See* Tex. Penal Code Ann. § 22.01(b)(2)(A).  Appellant, however, faced a second-degree-felony range of punishment—two to twenty years' confinement—because of his previous felony conviction.  *See id.* § 12.33(a) (West 2011), § 12.42(a) (West Supp. 2014).

The trial court included the disjunctive "or" language in this jury instruction as a result of the following exchange that occurred after the State rested its case as to appellant's guilt:

> [THE STATE]: Judge, I . . . just noticed one thing. It's in the application paragraph, and that would be on page 2, and I guess my . . . thought or question is this. We . . . have to prove that . . . he caused bodily injury to [Monica] . . . by striking her if -- but I don't think we have to prove all of those[.] I think there should be an "or" between those acts that were specific in the indictment . . . .
>
> . . . .
>
> [DEFENSE COUNSEL]: . . . I would recommend that [all of the acts, stated conjunctively, are] exactly what's in the indictment, it's what [the State has] alleged for the last 15 months . . . . That's the . . . testimony they attempted to elicit not only from [Monica] but through Ms. Pritchett, the first person she contacted after these alleged incidents, and it should follow and track the indictment.

The trial court granted the State's request to phrase the charged acts with the disjunctive "or" language emphasized above.

We consider all alleged jury-charge error regardless of preservation in the trial court. *Kirsch v. State,* 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.*

**The charge's apparent inconsistency with the indictment**

Appellant first argues that the jury charge was erroneous because the indictment charged the assaultive acts conjunctively while the jury charge stated them disjunctively. We cannot agree. As the court of criminal appeals has explained,

5

> [A]lternate pleading of the differing methods of committing one offense may be charged in one indictment. And although the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive. It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.

*Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (citations omitted), *cert. denied*, 504 U.S. 958 (1992); *see Zanghetti v. State*, 618 S.W.2d 383, 386–88 (Tex. Crim. App. [Panel Op.] 1981) (holding that there was no error when the indictment charged the methods of committing murder conjunctively but the jury charge allowed the jury to convict the defendant if it found any of the methods beyond a reasonable doubt); *Hernandez v. State*, Nos. 02-13-00196-CR, 02-13-00197-CR, 2015 WL 4664840, at *3 (Tex. App.—Fort Worth Aug. 6, 2015, pet. filed) (explaining that although the State alleged in an indictment that the defendant pointed a firearm at the victim *and* threatened to shoot the victim, the jury charge "properly asked" the jury whether the defendant pointed the firearm *or* threatened to shoot); *Teamer v. State*, 429 S.W.3d 164, 169 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("The hypothetically correct charge need not mirror all conjunctive language from the charging instrument."); *Wert v. State*, 383 S.W.3d 747, 755 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("It is proper for the jury to be charged in the disjunctive even though the indictment . . . may allege the differing methods of committing the offense in the conjunctive."); *Rangel v. State*, 199 S.W.3d 523, 540 (Tex. App.—Fort Worth 2006) ("If an

6

indictment alleges different methods of committing the *same* offense in the conjunctive ('and'), it is not improper to submit the different methods to the jury in the disjunctive ('or')."), *pet. dism'd,* 250 S.W.3d 96 (Tex. Crim. App. 2008).

Based on the authority cited above, we cannot conclude, as appellant contends, that the jury charge was erroneous because it was contrary to language in the indictment. We overrule that part of appellant's issue.

**Jury unanimity**

Next, appellant contends that the jury charge allowed the jury to reach a non-unanimous verdict. Texas law requires a unanimous verdict in all felony cases. Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2014); *Leza v. State*, 351 S.W.3d 344, 356 (Tex. Crim. App. 2011); *Lozano v. State*, 359 S.W.3d 790, 821 (Tex. App.—Fort Worth 2012, pet. ref'd). To discern what a jury must be unanimous about, we apply basic grammar rules to the statute defining the offense to determine whether the legislature created multiple, separate offenses, or a single offense with different methods or means of commission. *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007); *Davila v. State*, 346 S.W.3d 587, 590 (Tex. App.—El Paso 2009, no pet.). "The unanimity requirement is not violated when the jury has the option of choosing between alternative modes of commission." *Pizzo*, 235 S.W.3d at 715; *see Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011); *Lozano*, 359 S.W.3d at 821. But when the State charges different criminal acts, rather than alternative modes of committing the same criminal act, "the jury must be instructed that it cannot return a guilty verdict

7

unless it unanimously agrees upon the commission of any one of these criminal acts." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).

Appellant contends that the charge allowed for a non-unanimous verdict because some jurors "could have believed that [appellant] struck [Monica's] head, while others could have believed that he struck her wrist. It's not necessarily true that they were unanimous on the same allegation."

Our sister intermediate appellate court considered the same argument in *Davila*. 346 S.W.3d at 590–91. There, as here, the State charged the defendant with committing assault against a member of his family or household. *Id.* at 589. The jury charge instructed the jury to find the defendant guilty if it found that he "intentionally, knowingly, or recklessly cause[d] bodily injury to [the victim] . . . by pulling [her] hair with [his] hand, *or by* grabbing [the victim] about the neck with [his] hand." *Id.* at 591 (emphasis added). The court of appeals held that this charge did not violate the requirement of jury unanimity, explaining,

> The essential elements required under this statute are (1) the defendant, (2) intentionally, knowingly[,] or recklessly, (3) causes bodily harm to a family member, including the defendant's spouse. . . .
>
>      . . . .
>
>      . . . Appellant argues [that] part of the jury could have convicted him for pulling [the victim's] hair, while other jurors could have convicted him for wrapping his hand around her neck. We disagree. Neither of the acts of pulling [the victim's] hair nor grabbing her neck . . . constitute essential elements of the charged offense in accordance with the grammatical analysis described above. Rather the jury was merely given the opportunity to consider alternative means, or methods by which Appellant committed the

8

core of the offense[:] causing bodily harm to his wife. Therefore, the unanimity requirement was not violated by the charge . . . .

*Id.* (citation omitted); *see also Agbor v. State*, No. 02-12-00401-CR, 2013 WL 1830679, at *3 (Tex. App.—Fort Worth May 2, 2013, no pet.) (mem. op., not designated for publication) (holding that jurors were not required to unanimously agree on whether the defendant struck the victim with his hand, pulled her hair, or pushed her because all of these facts were "manners and means by which [the defendant] committed assault"); *Marinos v. State*, 186 S.W.3d 167, 175 (Tex. App.—Austin 2006, pet. ref'd) (concluding, with respect to an aggravated assault conviction, that it was "not necessary . . . for the court to require the jurors to agree that appellant used a bag, or a piece of a bag, or his hand to inflict the bodily injury").[7]

We agree with the rationale and conclusion expressed in *Davila* and the other cases cited above. Therefore, we hold that the jury charge in this case did not allow for a non-unanimous verdict and that it was not erroneous. We overrule the remainder of appellant's only issue.

---

[7]The court of criminal appeals cited *Marinos* approvingly while stating that the legislature has "evinced no intent that jurors need be unanimous about . . . [the] manner in which the defendant caused the injury." *Landrian v. State*, 268 S.W.3d 532, 538–39 & n.31 (Tex. Crim. App. 2008).

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 3, 2015