

# NUMBER 13-18-00141-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MANUEL YBARRA III A/K/A
MANUEL YBARRA,                                      Appellant,

v.

THE STATE OF TEXAS,                                 Appellee.

---

### On appeal from the 197th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

Appellant Manuel Ybarra III appeals his conviction, pursuant to a guilty plea, for

two counts of indecency with a child by contact, a second-degree felony.   *See* TEX. PENAL

CODE ANN. § 21.11(a)(1).   The trial court sentenced Ybarra to concurrent eight-year

sentences to be served in the Texas Department of Criminal Justice–Institutional Division.

In four issues, which we treat as three, Ybarra argues that: (1) the written judgment must be reformed to reflect the trial court's failure to make a finding of guilt; (2) Ybarra was denied the effective assistance of counsel because the trial court did not permit his counsel to present closing argument; and (3) Ybarra was denied his right to allocution. We affirm.

## I. BACKGROUND

Ybarra pleaded guilty before an associate judge without the benefit of a plea-bargain agreement. The associate judge admitted the State's evidence in support of the plea, accepted appellant's "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty," and admonished Ybarra. The associate judge then accepted the plea, ordered the preparation of a presentence investigation (PSI) report, and scheduled a sentencing hearing before the district court (trial court). Ybarra's counsel then stated: "I'd just like the record to reflect that the Court has made a finding of guilty. I will represent that this case has been discussed at some point with [the trial court,] and we reserve the right at sentencing to argue for deferred adjudication." The associate judge responded that Ybarra's argument for deferred adjudication was "not foreclosed."

At the sentencing hearing, the State presented argument supporting its request for a five- to eight- year prison sentence. Ybarra's counsel argued that deferred adjudication was appropriate, citing various factors. The trial court then addressed Ybarra personally regarding its review of the PSI report which indicated that Ybarra had told others that the trial court would be lenient because of a purported affiliation between the judge and

2

Ybarra's family:

> Apparently, you've made allegations that you knew me and that your family were political, and because of that, you would get favorable treatment, I guess, would be the word, okay? And that really bothers me. It bothers me a lot, okay? It bothers me a lot, because, again, you know, your family members are being affected by this. Your family members are concerned that, "Hey, you know, he knows the judge, and, you know, he's saying this, and we're not going to have our fair day in court and all of that." And that is the furthest thing from the truth. And at first when they mentioned your name, I didn't know who you were until I think they were a little more specific and I read about the tire shop, and I think I knew your father . . . . Okay? But that does not interfere with my decision. You know, when I run for office, along with many judges, you know, if, you know, I'm asking people to vote for me, it's because I will be a fair judge and I will follow the law . . . regardless of who appears before me. Okay? So, to me, sir, you know, that's putting the family through more agony, more emotional upset and all of that . . . . It's sort of like they're being victimized again, you know? And that's not right.

Ybarra's counsel responded to the veracity of the allegations, which were attributed to the

victim's father in the PSI report:

> I don't blame [the victim's father.] He was outraged as to what happened. He went into my client's house and kicked in the door wanting to beat him up. Understandably. I understand that . . . . And the relevance of that is that since then there's been no communication between [Ybarra and the victim's father.] So [the victim's father] cannot say that after the incident and arrest, that Mr. Ybarra was bragging, "Hey, I'm not—nothing is going to happen to me because I know the judge." I think it's—he's very well aware that the Ybarra family, his father, Manuel Ybarra, was very involved in politics back in the '80s. He was well aware of that because he's married to his daughter. And he's surmising that, because of that, that he's going to get favorable treatment before this Court. But I think it's a misrepresentation that's being made that Mr. Perez—that Mr. Ybarra was bragging, "Nothing is going to happen to me." To the contrary, his life is hanging from a little string, and he's very well aware that you can cut that string and send him to prison. Very well aware of that. And I think that's why, you know, we pled guilty and we're throwing ourselves on the mercy of the Court hoping that this Court will, you know, have mercy on him.

At the conclusion of the hearing, the trial court assessed punishment at eight years' imprisonment on both counts.

Subsequently, Ybarra filed a motion for reconsideration or reduction of sentence. At the hearing on the motion, Ybarra's counsel again argued that community supervision would be appropriate while further maintaining that the allegations in the PSI report were not true. He requested that the trial court set aside its previous sentence and reset the matter in six months while Ybarra remains in custody. Ybarra's counsel requested that after six months the trial court could then consider "a motion for shock probation or six months as a condition of community supervision." The following exchange then occurred concerning the appropriateness of the request:

| [State]: | Your Honor, may I respond? First off, what [defense counsel] is trying to do is not legal. He is not entitled to shock probation. Under— |
|---|---|
| [Defense]: | I'm not saying it was shock probation. Let me clarify— |
| [State]: | Well, that's exactly what he's trying— |
| [Defense]: | No. |
| [State]: | —to do, Your Honor. |
| [Defense]: | I'm saying—I'm trying to explain the reason why I would ask the Court to set aside the judgment and reset it for six months, because he wouldn't be— |
| [State]: | If I can continue, Your Honor. |
| [Defense]: | No. You're misrepresenting something I said. |
| [State]: | You just said "shock probation," [defense counsel]. |
| THE COURT: | Gentlemen, gentlemen, gentlemen, gentlemen. You finish and then I'll allow [the defense]— |

4

The State completed its argument, and the trial court then announced that it was denying Ybarra's motion.

Ybarra later filed a "Motion for Court to Allow Defense Counsel to Respond to Prosecutor's Argument," a "Motion for Allocution and Further Motion for Reconsideration of Sentence," a "Motion to Correct the Judgment and to Reconvene the Sentencing Hearing," and a motion for new trial. After hearing argument, the trial court denied the various motions. This appeal followed.

## II. FINDING OF GUILT

By his first issue, Ybarra argues that the written judgment incorrectly states that the trial court made a finding of guilt. Ybarra maintains that neither the associate judge nor the trial court expressly found Ybarra guilty, and that absent such a finding, this Court should reform the judgment to reflect a judgment of deferred adjudication. We disagree.

A written judgment that is in proper form is not rendered void by the absence of an express oral pronouncement by the trial court that the accused is guilty of the offense. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978); *see Sanchez v. State*, 222 S.W.3d 85, 88 (Tex. App.—Tyler 2006, no pet.); *see also Jacobo v. State*, No. 13-17-00588-CR, 2018 WL 3764564, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2018, no pet.) (mem. op., not designated for publication). The trial court's action in assessing punishment after a hearing is an implied rendition of guilt. *See Villela*, 564 S.W.2d at 751. Beyond the pronouncement of sentence, "no further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt." *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).

5

Here, the associate judge accepted Ybarra's guilty plea, and the trial court pronounced his sentence. No "further ritual or special incantation" was required. *See id.* We overrule Ybarra's first issue.

### III. CLOSING ARGUMENT

By his second issue, Ybarra argues that he was denied the effective assistance of counsel because the trial court denied his attorney the opportunity to make a closing argument. Specifically, Ybarra maintains that his counsel was not allowed to respond to the State's argument that Ybarra's request for "shock probation" was inappropriate.

### A. Applicable Law

The Sixth Amendment guarantees the assistance of counsel in obtaining a fair decision on the merits. *See Ex parte McFarland*, 163 S.W.3d 743, 751–52 (Tex. Crim. App. 2005); *Teamer v. State*, 429 S.W.3d 164, 174 (Tex. App.—Houston [14th Dist.] 2014, no pet.). That right extends to closing argument, which is crucial to our adversarial system of justice. *See Herring v. New York*, 422 U.S. 853, 861 (1975); *Ruedas v. State*, 586 S.W.2d 520, 522 (Tex. Crim. App. [Panel Op.] 1979); *Teamer*, 429 S.W.3d at 174. Thus, the improper denial of closing argument may constitute a denial of the right to counsel. *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989); *Teamer*, 429 S.W.3d at 174.

### B. Analysis

Here, we observe that Ybarra's attorney presented extensive argument to the trial court to support his request for deferred adjudication community supervision. Ybarra's counsel cited various factors for the trial court to consider, including Ybarra's age, health,

6

minimal criminal history, and charitable contributions as well as the fact that Ybarra would be subject to the registration requirements for sex offenders. Counsel presented his arguments at both the sentencing hearing and the hearing on Ybarra's motion for reconsideration of the sentence. We also note that Ybarra's counsel was able to respond to the State's allegation that his request for shock probation was inappropriate. In particular, counsel maintained that the State was misrepresenting his request, while reiterating that he was requesting that the sentencing court set aside its earlier sentence and set the matter again in six months. On this record, we conclude that Ybarra's counsel was given an adequate opportunity to present closing argument. Therefore, Ybarra's right to counsel was not violated. *See McGee*, 774 S.W.2d at 238. We overrule Ybarra's second issue.

## IV. ALLOCUTION

By his third issue, Ybarra argues that he was denied the right to allocution. Specifically, Ybarra complains that he should have been permitted to personally address the trial court regarding the allegations in the PSI report.

## A. Applicable Law

Allocution refers to the trial court affording a criminal defendant the opportunity to "speak in mitigation of the sentence to be imposed." *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet. ref'd) (quoting A DICTIONARY OF MODERN LEGAL USAGE 45 (Bryan A. Garner, ed., 2d ed., Oxford 1995)). There exists both a statutory and common-law right to allocution. *See id.* Article 42.07 of the code of criminal procedure provides that a defendant "shall be asked whether he has anything to say why

7

the sentence should not be pronounced against him" and that the only reasons for which sentence cannot be pronounced are (1) a pardon, (2) incompetency, or (3) mistaken identity. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07.

As a prerequisite to presenting a complaint for appellate review, the record must show that the specific complaint was made to the trial court. *See* TEX. R. APP. P. 33.1(a). Likewise, an objection to a denial of allocution is required to preserve a complaint on appeal. *See Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (overruling issue raising violation of article 42.07 where "[t]here were no objections to the court's failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her").

## B. Analysis

Ybarra did not object at the sentencing hearing that he was denied either his common law or statutory right to allocution, and therefore, he failed to preserve error. *See Eisen*, 40 S.W.3d at 637 (holding that "court's failure to follow article 42.07 was not preserved for our review" where the "issue [was raised] for the first time on appeal"); *see also Gay v. State*, No. 13-16-00158-CR, 2017 WL 2705446, at *1–2 (Tex. App.—Corpus Christi–Edinburg June 22, 2017, no pet.) (mem. op., not designated for publication); *Russell v. State*, Nos. 13–14–00018–CR and 13–14–00019–CR, 2015 WL 4593728, at *2 (Tex. App.—Corpus Christi–Edinburg July 30, 2015, no pet.) (mem. op., not designated for publication).

Further, to the extent that Ybarra raised the issue in his post-sentencing motion, the argument was untimely and does not satisfy the preservation requirements of Rule

8

33.1.[1]  *See* TEX. R. APP. P. 33.1; *Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013) ("[A]n appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not a have the opportunity to object in the punishment hearing." (quoting *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999))); *see also Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication) ("[T]o complain on appeal of the denial of a right to allocution, whether statutory or one claimed under the common law, a defendant must timely object.").

We also reject Ybarra's alternative argument that the sentencing court erred in considering the allegation in the PSI report that Ybarra claimed to have some sort of influence over the trial court.  A trial court may consider the information contained within the PSI report regardless of whether the information would otherwise violate rules concerning hearsay, admissibility of expert opinion, or Confrontation Clause objections. *See Stringer v. State*, 309 S.W.3d 42, 46–48 (Tex. Crim. App. 2010).  However, it must allow a defendant or the defendant's attorney to "comment" on a PSI report, and the court may allow a defendant to introduce testimony or other information alleging a factual inaccuracy in the report.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.255(b); *Stringer*, 309 S.W.3d at 42.  Here, Ybarra's counsel was given the opportunity to thoroughly argue that the complained-of allegation was factually inaccurate.  Under such circumstances, we conclude that the trial court did not err in considering the allegation in its punishment assessment.  We overrule Ybarra's third issue.

---

[1] Because Ybarra failed to preserve error concerning allocution, we deny his request to reform the judgment by deleting the reference to Ybarra having been afforded allocution.

## V.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2019.

10