

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00148-CR

CHRISTOPHER LANCE FEARS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR20-064

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

The State filed an indictment against Christopher Lance Fears for aggravated assault against a public servant and a notice of enhanced punishment, which alleged that Fears was previously convicted of two felony offenses. In exchange for the State's agreement to prosecute a lesser offense and abandon one enhancement allegation, Fears pled guilty to the lesser-included offense of assault on a peace officer and pled true to one of the State's punishment enhancement allegations.[1] *See* TEX. PENAL CODE ANN. § 22.01(b-2) (Supp.). After a jury trial on the issue of punishment, Fears was sentenced to forty years' imprisonment.

On appeal, Fears argues that the trial court violated Article 36.16 of the Texas Code of Criminal Procedure by amending the jury charge after closing arguments. We find that Fears failed to preserve his Article 36.16 complaint. Fears also argues that his sentence exceeded the maximum punishment range, but we find this second point of error meritless. As a result, we affirm the trial court's judgment.

*(1)    Fears Failed to Preserve His Article 36.16 Complaint*

During his punishment trial, Fears pled true before the jury to the State's allegation that he was previously convicted of aggravated assault. At the conclusion of the punishment evidence, the trial court read the charge to the jury. After the charge was read, the trial court called counsel to the bench and asked, "Don't we need a finding on the enhancement paragraph?" From that question, it was apparent that the jury charge omitted some information related to the enhancement.

---

[1]The trial court granted Fears permission to appeal in this case involving a charge-bargain plea agreement.

The State proposed, "[I]f you can delay sending the charge back to the jury, have a brief recess, I can go down and print out a new one and bring it to you," and defense counsel affirmatively stated that she had no objection to the procedure. After closing arguments, the trial court announced that it had "a minor alteration to make in the charge" and recessed the jury with instructions not to discuss the case or begin deliberations until the amended charge was delivered. On the record, the trial court read the amended charge, which was the same as the original charge, but sought a finding on the enhancement paragraph. The trial court read the amendment into the record and received defense counsel's assurance that she had no objection to the amended charge before distributing it to the jury.[2]

On this point, Fears raises no complaint about the jury charge itself since the charge contained the law applicable to the case. Instead, he raises a statutory complaint under Article 36.16 of the Texas Code of Criminal Procedure, which reads, in relevant part:

> After the judge shall have received the objections to his main charge, together with any special charges offered, he may make such changes in his main charge as he may deem proper . . . . After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36.15.

---

[2]The trial court's jury instructions informed the jury that Fears had "pleaded true to the allegation in paragraph one of the State's Notice to Enhance Punishment." The charge then instructed the jury to "find the allegation in the State's Enhancement Notice to be True." The State argues that those instructions were always before the jury and that the original charge simply omitted the verdict. The State's account is supported by these comments from the trial court, which were made after the amended jury charge was presented:

> We'll go back on the record in CR2020-064, State of Texas versus Christopher Fears. Outside the presence of the jury. And the addition to the verdict form states that we find the allegation in paragraph one State's notice to enhancement punishment true. Having found him guilty and having found the allegation in paragraph one of the State's notice to enhance punishment true, we assess his punishment at [___]. And it's -- other than that, it's the same.

3

TEX. CODE CRIM. PROC. ANN. art. 36.16.

Pursuant to Article 36.19, "[a]ll objections to the charge and to the refusal of special charges shall be made at the time of the trial." TEX. CODE CRIM. PROC. ANN. art. 36.19. Because Fears did not object at trial that an amendment to the jury charge was precluded under Article 36.16, he failed to preserve the error. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Sattiewhite v. State*, 600 S.W.2d 277, 285 n.14 (Tex. Crim. App. 1979); *Teamer v. State*, 429 S.W.3d 164, 173 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Bledsoe v. State*, 21 S.W.3d 615, 622 (Tex. App.—Tyler 2000, no pet.); *Jackson v. State*, 753 S.W.2d 706, 712 (Tex. App.—San Antonio 1988, pet. ref'd).

Moreover, "[w]henever it appears by the record in any criminal action upon appeal that any requirement of Article[] . . . 36.16 . . . has been disregarded," Article 36.19 specifies that "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." TEX. CODE CRIM. PROC. ANN. art. 36.19. Since Fears pled true to the State's enhancement allegation pursuant to a plea-bargain agreement with the State, he cannot meet the Article 36.19 standard for reversal on appeal for any alleged Article 36.16 violation. As a result, we overrule this point of error.

*(2)    We Find Meritless Fears's Complaint Concerning the Maximum Punishment Range*

Fears also complains that the jury's assessment of forty years' imprisonment exceeded his maximum punishment range. This point of error is meritless.

The State charged Fears with aggravated assault against a public servant while the public servant was lawfully discharging an official duty, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B). In exchange for abandoning its prosecution of that offense, the State agreed to accept Fears's plea of guilty to second-degree-felony assault.[3] Assault on a peace officer while he or she is lawfully discharging an official duty is a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b-2). The trial court's judgment correctly reflects a conviction for a second-degree felony and specifies Section 22.01(b-2) of the Texas Penal Code as the statute of offense. However, because Fears pled true to the State's enhancement allegation, his offense was punishable as a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b). Since Fears's sentence of forty years' imprisonment was within the range applicable to first-degree felonies, we find meritless his complaint that the jury's punishment assessment exceeded the permissible range of punishment.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      September 7, 2022
Date Decided:        September 16, 2022

Do Not Publish

---

[3]Fears's plea paperwork specified that he was pleading guilty to "Assault Peace Officer, F2."